IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALFRED MANGA BELL,            )
                              )
            Petitioner,       )
                              )
      v.                      )            1:14-CV-793
                              )
BRYAN WELLS,                  )
                              )
            Respondent.       )

# MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on the respondent's motion for summary judgment. (Doc. 6.) In its January 13, 2015, Order, the Court granted the motion in part and ordered supplemental briefing on several issues related to the warrantless search of a digital camera's contents. (*See* Doc. 11.) Because the petitioner, Alfred Manga Bell, has not shown that the state court's decision was contrary to or an unreasonable application of clearly established federal law, the Court will grant the respondent's motion as to all remaining grounds for relief and deny the petition in full.

## BACKGROUND

On September 4, 2010, an intruder entered a residential home in Person County, North Carolina, where he robbed and sexually assaulted two occupants.[1] During the

---

[1] The facts come from the North Carolina Court of Appeals' decision, *see State v. Bell*, 221 N.C. App. 535, 537-40, 728 S.E.2d 439, 440-42 (2012), *disc. rev. denied*, 366 N.C. 393, 732

assault, the intruder used the victims' camera to take pictures of the victims, and he took the camera with him when he left. Based on descriptions gathered at the scene, law enforcement officers determined that the intruder might be the petitioner, Alfred Manga Bell. Upon arrival at the boarding house where Mr. Bell lived, officers asked Mr. Bell if they could search his room. He consented. When officers located gloves and a digital camera that matched the description of the camera the intruder stole and used to photograph the victims, Mr. Bell revoked his consent. The officers stopped searching the room, but kept control of the camera and examined the photographs on it; in so doing, they discovered graphic photographs of the victims that were consistent with the victims' descriptions of the crimes. Based on this and other information, the officers obtained a search warrant to search Mr. Bell's room and car, during which officers discovered other incriminating evidence.

Mr. Bell was indicted on several offenses in connection with the incident. Before trial, Mr. Bell's attorney moved to suppress the evidence seized by the officers, including the camera and the photographs discovered on the camera. (*See* Doc. 7-4 at pp. 39-41, ¶¶ 2, 9-14.) At the suppression hearing, Mr. Bell's attorney contended that Mr. Bell did not give consent for the officers to search his room and that therefore the camera and its photographs were illegally searched, seized, and used to obtain a search warrant to further search his room and car. (*See* Doc. 7-14 at 67-70; *see also* Doc. 7-4 at pp. 39-41,

---

S.E.2d 482 (2012), which are consistent with the facts in the trial court's order denying Mr. Bell's motion to suppress, (*see* Doc. 7-4 at pp. 52-54, particularly pp. 52-53 ¶¶ 6-11), the testimony at the trial court's hearing on Mr. Bell's motion to suppress, (*see, e.g.*, Doc. 7-14 at 6-15), and the testimony at Mr. Bell's trial. (*See, e.g.*, Doc. 7-14 at 293-301, 493-506.)

¶¶ 2, 8-14.) After hearing testimony from two officers and Mr. Bell, (*see, e.g.*, Doc. 7-14 at 5, 23, 44), the trial judge found as a fact that Mr. Bell had consented to the search and denied the motion to suppress. (*See* Doc. 7-4 at 52-54.)

On February 23, 2011, a jury convicted Mr. Bell of all charges. (*See* Doc. 7-5 at 3-12.) The state appellate court affirmed his conviction in 2012. *See State v. Bell*, 221 N.C. App. 535, 728 S.E.2d 439 (2012), *disc. rev. denied*, 366 N.C. 393, 732 S.E.2d 482 (2012); (*see also* Docs. 7-2, 7-3). In 2013, Mr. Bell filed a Motion for Appropriate Relief ("MAR") in state court, (*see* Docs. 7-10, 7-11), which the state court summarily denied. (Doc. 2-1 at 52-53.) Mr. Bell filed the pending habeas petition in this Court on September 15, 2014. (Doc. 2.)

In its January Order, the Court found that most grounds for relief asserted by Mr. Bell had no merit and granted the respondent's motion for summary judgment as to those. (*See* Doc. 11 at 2-11.) Remaining before the Court are Mr. Bell's claims that his Fourth Amendment rights were violated when officers searched the camera after Mr. Bell revoked his consent and without obtaining a warrant, (Doc. 2 at 6-7), and that his counsel was ineffective for failing to challenge the search of the camera on grounds separate and apart from the search of the room in which the camera was found. (Doc. 2 at 5.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). When a state court has addressed the merits of a claim raised in a habeas petition, a federal court may not grant relief unless, *inter alia*, the

3

state court's decision is contrary to or an unreasonable application of clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Christian v. Ballard*, ___ F.3d ___, ___, 2015 WL 4098255, at *14 (4th Cir. July 8, 2015).

A state-court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court unreasonably applies clearly established federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or it "either unreasonably extends a legal principle . . . to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Id.* at 407.  In both contexts, clearly established federal law "refers to the holdings . . . of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412; *see also Lewis v. Wheeler*, 609 F.3d 291, 300-01 (4th Cir. 2010).

Mr. Bell raised his Fourth Amendment and ineffective assistance claims related to the warrantless search of the camera in his 2012 MAR, (*see* Doc. 7-10 at 9-11; Doc. 7-11 at 2-5; *see also* Doc. 2 at 5-7), and the state court summarily denied them on the merits.

4

(*See* Doc. 2-1 at 52-53.)  Federal courts independently review the state MAR court's decision under the § 2254(d) standards.  *See Williams*, 529 U.S. at 412-13.

    1. <u>Warrantless Search of the Camera</u>

Mr. Bell contends that his Fourth Amendment rights were violated when the officers searched the camera after he revoked his consent and without obtaining a warrant.  (Doc. 2 at 6-7; *see also* Doc. 2-1 at 24-28.)  He specifically contends that the state MAR court "fail[ed] to considere [sic] the legality of the search of the digital camera as distinctive from the unconstitutional search of [his] room."  (Doc. 2-1 at 26.)

As to this claim, Mr. Bell has not identified a case where the Supreme Court reached an opposite conclusion on a question of law or that was decided "on a set of materially indistinguishable facts."  *See Williams*, 529 U.S. at 412-13.  Mr. Bell relies on *Riley v. California*, 134 S. Ct. 2473 (2014), in which the Supreme Court held that officers generally may not conduct a warrantless search of digital information on cell phones seized incident to arrest.  *See Riley*, 134 S. Ct. at 2484-85; (*see also* Doc. 2-1 at 25.)  *Riley* was decided more than three years after the conclusion of Mr. Bell's trial, and the Supreme Court has not held that *Riley* is retroactive.  *Cf. Williams*, 529 U.S. at 412.

Thus, the relevant exception is whether the state MAR court's "decision resulted from an unreasonable application of clearly established federal law."  *Premo v. Moore*, 562 U.S. 115, 121 (2011) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(d)(1).  To decide this issue, the Court need not decide whether Mr. Bell's Fourth Amendment rights were violated by the search of the camera after he revoked his consent

5

because the information law enforcement obtained before searching the camera was sufficient to support the issuance of the search warrant.

If one assumes that Mr. Bell's Fourth Amendment rights were violated by the warrantless search of the camera and that the information about the photographs on the camera was illegally included in the search warrant affidavit, that does not necessarily mean that the photographs or the evidence discovered as a result of the execution of the search warrant should have been suppressed at trial. Well-established precedent in both federal and North Carolina courts holds that evidence obtained from a search warrant can still be used if the untainted portions of the warrant affidavit establish probable cause after the illegally obtained information is excised. *See, e.g.*, *United States v. Karo*, 468 U.S. 705, 719 (1984); *United States v. Gillenwaters*, 890 F.2d 679, 681-82 (4th Cir. 1989); *State v. McKinney*, 361 N.C. 53, 59-64, 637 S.E.2d 868, 872-76 (2006) (collecting cases and applying the "excise and re-examine" rule); *see also Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). "[I]f sufficient untainted evidence was presented in the warrant affidavit to establish probable cause," *Karo*, 468 U.S. at 719, the evidence seized as a result of the execution of the search warrant is admissible. *See United States v. Whitehorn*, 813 F.2d 646, 649-50 (4th Cir. 1987); *see also United States v. Eccleston*, ___ F. App'x ___, ___, 2015 WL 4591890, at *12-14 (4th Cir. July 31, 2015).

In his petition, Mr. Bell contends that the photographs of the victims were illegally obtained during the warrantless search of the camera. (*See* Doc. 2-1 at 24-28; *see also* Doc. 2 at 6-7.) After excising any mention of the photographs from the warrant affidavit, (*see* Doc. 7-4 at 47-51), the following sworn statements remain in the affidavit:

6

> The victims stated that the unidentified black male had a distinct voice, as if from another country with an African or Jamaican type accent.
>
> The victims stated that they had once seen a black male with that type of accent at their neighbor's house approximately two weeks prior. . . .
>
> Law Enforcement arrived and the victims were interviewed to discover the exact incident that occurred. It was determined by the victims that the suspect stole the digital camera from them that he was using, along with it's [sic] charger.
>
> Law Enforcement interviewed the neighbors to ascertain who the suspect may have been which led Law Enforcement to the residence of 1815 Vale St. Durham NC 27703 and the discovery of a black male identified as [Mr. Bell]. [Mr. Bell] is listed on the NC Sexual Offender Registry. . . .
>
> During the search[2] [Law Enforcement] located a pair of black cloth gloves under the mattress in the room where [Mr. Bell] resides. [Law Enforcement] also located a single latex glove in a dresser drawer within the room. [Law Enforcement] located a camera and charger matching the camera described by the victims.

(Doc. 7-4 at pp. 50-51 ¶¶ 5-6, 8-9, 11.)

These sworn statements—the descriptions by two victims matching Mr. Bell, (Doc. 7-4 at p. 50 ¶¶ 5-6, 9), neighbors' identifications of Mr. Bell as the person who had been in the victims' vicinity and presence two weeks before the assaults, (Doc. 7-4 at p. 50 ¶¶ 5-6, 9), Mr. Bell's presence on the North Carolina Sexual Offender Registry, (Doc. 7-4 at p. 50 ¶ 9), and the discovery of items matching those stolen from the victims

---

[2] The "search" referenced in this paragraph of the search warrant affidavit refers to the initial search of Mr. Bell's room that officers conducted pursuant to Mr. Bell's consent. (*See, e.g.*, Doc. 7-4 at p. 53 ¶¶ 7-11.) To the extent Mr. Bell contends in his petition that he did not consent to this initial search, (*see* Doc. 2-1 at 17-18, 24-25), that argument is rejected. The state court found as a fact that Mr. Bell gave oral consent to the initial search of the room, (*see* Doc. 7-4 at p. 53 ¶ 7), and nothing indicates that this was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Winston v. Kelly*, 592 F.3d 535, 544 (4th Cir. 2010) (quoting 28 U.S.C. § 2254(d)).

during the crime in Mr. Bell's possession just a few hours after the crime occurred, (Doc. 7-4 at pp. 50-51 ¶¶ 8, 11)—were sufficient to support a finding of probable cause to issue the search warrant to search Mr. Bell's room and car, including the camera. *See, e.g.*, *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The state court's denial of Mr. Bell's 2012 MAR for this reason would have been a reasonable application of clearly established federal law. *See Harrington*, 562 U.S. at 97-98. Mr. Bell has presented no argument to the contrary.[3]

Mr. Bell has not shown that the state court's denial of his Fourth Amendment claim related to the warrantless search of the camera was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Harrington*, 562 U.S. at 97-98; *Williams*, 529 U.S. at 405, 407. Mr. Bell is not entitled to relief on this ground.

      2. <u>Ineffective Assistance of Counsel</u>

Mr. Bell contends that his attorney was ineffective for failing to challenge the search of the digital camera on grounds separate and apart from the search of the room in which the camera was found. (Doc. 2 at 5; *see also* Doc. 2-1 at 19-21.) He raised this claim in his 2012 MAR, (*see* Doc. 7-11 at 2-5; *see also* Doc. 2 at 5), and the state MAR court summarily denied it. (*See* Doc. 2-1 at 52-53.)

---

[3] Mr. Bell did not address the "excise and re-examine" rule in his petition. (*See generally* Docs. 2, 2-1.) The Court appointed counsel and allowed Mr. Bell to file a supplemental brief addressing this issue. (*See* Doc. 11 at 11-14; *see also* Docs. 12, 18.) In his supplemental brief, Mr. Bell makes no serious argument that the search warrant affidavit is insufficient to establish probable cause after excising any mention of the photographs that officers discovered from the search of the camera. (*See* Doc. 18 at 6.)

To establish a claim for ineffective assistance of counsel, a petitioner must demonstrate (1) "that counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense," meaning, but for counsel's deficient performance, there was a reasonable probability of a different result. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To show prejudice where the alleged ineffectiveness is counsel's failure to litigate a Fourth Amendment claim, a petitioner must show that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

First, it is not at all clear that counsel's performance was deficient, as most courts at the time did not distinguish between a search of an item that contained digital information and a search of the digital information itself. *See, e.g.*, *United States v. Murphy*, 552 F.3d 405, 410-11 (4th Cir. 2009) (collecting cases and holding that a warrantless search of the contents of a cell phone seized incident to arrest did not violate a defendant's Fourth Amendment rights); *United States v. Young*, 278 F. App'x 242, 245-46 (4th Cir. 2008) (per curiam) (holding that officers may "access[] and cop[y]" text messages on a cell phone seized incident to arrest). As discussed *supra*, *Riley* was decided more than three years after the conclusion of Mr. Bell's trial. It is not deficient performance to fail to anticipate new developments in the law. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (collecting cases and noting that "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law").

Moreover, even if counsel had objected, the objection would have been overruled because of the excise and re-examine rule discussed *supra*, which was well-established in North Carolina state courts at the time of Mr. Bell's trial. *See, e.g.*, *McKinney*, 361 N.C. at 59-60, 637 S.E.2d at 872-73. It is not deficient performance to fail to make a futile argument. *See Truesdale v. Moore*, 142 F.3d 749, 755 (4th Cir. 1998) (noting that it is not ineffective assistance for "counsel not to pursue futile claims").

Finally, for the same reason, Mr. Bell cannot show prejudice, as the search warrant was supported by probable cause even absent the information located on the camera, and the information on the camera would have been located when officers executed the search warrant. *See Kimmelman*, 477 U.S. at 375; *see also Ray v. United States*, 721 F.3d 758, 763 (6th Cir. 2013) ("Because [the petitioner] has not demonstrated that his Fourth Amendment claim has merit, his underlying ineffective assistance of counsel claim fails."); (*see also* Doc. 7-4 at 47, 49.)

Mr. Bell's ineffective assistance claim related to the warrantless search of the camera has no merit, and Mr. Bell has not demonstrated that the state court's denial of this claim on the merits was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 97-98. Mr. Bell is not entitled to relief on this ground.

## CONCLUSION

Mr. Bell has not shown that his constitutional rights were violated in any way that prejudiced him. His petition will be dismissed.

10

It is **ORDERED** that the respondent's motion for summary judgment, (Doc. 6), is **GRANTED** as to all remaining claims, and the case is **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

This the 11th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE